**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

PINNACLE TOWERS LLC, and
CROWN CASTLE SOUTH LLC,

        Plaintiffs,

v.                                            Case No. 5:15-cv-81-Oc-34PRL

AIRPOWERED, LLC;

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On February 18, 2015, Plaintiffs initiated the instant action, filing a seven-count Complaint (Doc. No. 1) against Defendant. The Complaint asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 because "[t]here is complete diversity among the parties" and "[t]he amount in controversy exceeds the jurisdictional amount." See id. 2. Specifically, Plaintiffs allege that Plaintiffs, Pinnacle Towers LLC (Pinnacle) and Crown Castle South LLC (Crown Castle), are both limited liability companies "organized and existing under the laws of the State of Delaware" with headquarters in Houston, Texas. See id. ¶¶1-2. Plaintiffs further identify the sole members of Pinnacle and Crown Castle as CC Holdings GS V LLC, and Crown Castle Towers LLC, respectively, both of which are also alleged to be Delaware limited liability companies with their headquarters in Houston, Texas. See id. Additionally, Plaintiffs allege

that Defendant airPowered, LLC (airPowered) is a Florida limited liability company and that, "[u]pon information and belief, all members of airPowered are Florida citizens." See id. ¶3.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Diversity jurisdiction requires complete diversity or that "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal"). The Eleventh Circuit has recognized that, for purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to properly determine the citizenship of a limited liability company, the Court must consider the citizenship of each of its members. See id.

On review of the Complaint, it appears Plaintiffs have not alleged sufficient information to determine the citizenship of any party. Plaintiffs have identified their sole members; however, these members are themselves limited liability companies and Plaintiffs fail to identify the citizenship of their members' members. Moreover, as to Defendant airPowered, Plaintiffs allege that all its members are Florida citizens but disclose neither the identities nor the nature of any of airPowered's members. Without knowledge of the identity and citizenship of airPowered's various members, the Court is unable to determine whether complete diversity exists between Plaintiffs and Defendant. See Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (requiring plaintiff LLC to identify its members and their respective citizenship); Meyerson v. Showboat Marina Casino Partnership, 312 F.3d 318 (7th Cir. 2002) (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]"). Indeed, without such information, the Court cannot trace airPowered's members' citizenship "through however many layers of partners or members there may be." See Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also D.B. Zwirn Special Opportunities Fund,L.P., 661 F.3d at 126-27 ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); Zambelli Fireworks Mfg Co., Inc. v. Wood, 592 F.3d 412, 420

(3d Cir. 2010). Similarly, as noted above, the Court cannot trace Plaintiffs' citizenship as each of their members are themselves limited liability companies. Accordingly, the Court finds Plaintiffs' allegations as to the citizenship of each party to be insufficient to allow the Court to satisfy its obligation to assure complete diversity exists before exercising jurisdiction over this action.

Additionally, Plaintiffs fail to allege sufficient facts for the Court to determine the amount in controversy. "In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Although Plaintiffs generally allege that "[t]he amount in controversy exceeds the jurisdictional amount," the Court is unable to determine whether the amount at issue is greater than $75,000. Plaintiffs attach the first and last pages of five different contracts with Defendant airPowered which they allege obligated airPowered "to pay a specific sum" and claim that airPowered's failure to pay under each contract entitles Plaintiffs to accelerate the payments owed throughout the duration of these contracts. See Complaint ¶¶12, 16-18, 26, 30-32, 40, 43-45, 53, 57-59, 67, 70-72. The Court is unable to determine the amount of damages Plaintiffs claim because the amounts in each contract have been redacted and Plaintiffs do not allege any specific amounts in the Complaint.

In light of the foregoing and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks, 592 F.3d at 419, the Court will afford Plaintiffs an opportunity to provide the Court with sufficient information to establish the

citizenship of the parties, the amount in controversy, and this Court's diversity jurisdiction over the instant action.

Accordingly, it is **ORDERED**:

Plaintiffs shall have until **March 20, 2015**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Chambers on this 24th day of February, 2015.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies:
Counsel of Record