**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**PINNACLE TOWERS LLC and
CROWN CASTLE SOUTH, LLC,**

    **Plaintiffs,**

v.                                                       **Case No: 5:15-cv-81-Oc-34PRL**

**AIRPOWERED, LLC**

    **Defendant.**

## ORDER

On July 30, 2015, Plaintiffs filed a motion for final default judgment and attached to that motion, as exhibits, redacted versions of the five license agreements (and three amendments) that are at issue in this case. (Doc. 14). I ordered Plaintiffs to show cause why the agreements should not be filed in their entirety on the public docket. (Doc. 17). Plaintiffs timely responded and submitted unredacted versions of the agreements for *in camera* review. (Doc 19). After reviewing the submissions, I find that Plaintiffs should not be required to file unredacted versions of the agreements on the public docket. However, because the Court must review the agreements in their entirety to conduct a meaningful review of the pending motion for final default judgment, I construe Plaintiffs' response as a motion to seal the agreements, which I will grant. (Doc. 18). Also, based on my *in camera* review of the agreements, Plaintiffs are ordered to clarify their damages calculation.

    **I.    MOTION TO SEAL**

The filing of documents under seal is disfavored by the Court, because as the Eleventh Circuit has explained, "'[t]he operations of the courts and the judicial conduct of judges are matters

of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). It is clear that these agreements, which are filed in connection with Plaintiffs' motion for final default judgment are subject to the common law right of access. *Id*.

The common law right of access may be overcome by a showing of good cause. *Romero*, 480 F.3d at 1246. In determining whether good cause exists, the Court must, given the type of information at issue, balance the public's right of access against the party's interest in confidentiality. *Id.* Courts consider, among others, the following factors:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* "It is the burden of the party seeking the protection to establish that the document should be filed under seal." *F.T.C. v. Alcoholism Cure Corp.*, No. 3:10-CV-266-J-34TEM, 2010 WL 4840046, at *4 (M.D. Fla. Nov. 23, 2010). And where the motion to seal is uncontested, "the Court must still ensure that the motion is supported by good cause." *Main & Associates, Inc. v. Blue Cross & Blue Shield of Ala.*, No. 2:10-CV-326-MEF, 2010 WL 2025375, at *2 (M.D. Ala. May 20, 2010).

A party may establish good cause by showing that public disclosure will cause the party a "'clearly defined and serious injury.'" *NXP B.V. v. Research In Motion, Ltd.*, No. 6:12–cv–498–Orl–22TBS, 2013 WL 4402833, *2 (M.D.Fla. Aug.15, 2013) (quoting *Vista India, Inc. v. Raaga, LLC*, No. 07–1262, 2008 WL 834399, *2 (D.N.J. Mar.27, 2009). "A party's privacy or

proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. Also, "the terms of confidential agreements oftentimes outweigh[] the public's right of access." *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-CV-399-ORL-40, 2015 WL 5307729, at *1–2 (M.D. Fla. Sept. 10, 2015). Finally, a party's interest in "maintaining the confidentiality of its financial information and the terms of its contractual relationship with its customer outweigh the public's interest in accessing the documents." *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010).

Here, Plaintiffs argue there is good cause for sealing the documents because they will suffer a clearly defined and serious injury if their agreements are filed publically. Specifically, Plaintiffs argue that the agreements contain proprietary information and, due to this information, their commercial interest and competitive standing will be harmed if their other customers and "their competitors [are] able to view confidential business information including [the] pricing and terms and conditions of the license agreements." Plaintiffs are especially concerned about the agreements' pricing terms. Based on this showing, I find that Plaintiffs' interest in maintaining the confidentiality of the terms of these agreements outweigh the public's interest in accessing the documents. *See Graphic Packaging Int'l, Inc.*, 2010 WL 6790538 at *1–2 (sealing documents where "the disclosure of financial information . . . could negatively impact [the party's] pricing with other customers" and holding that a party's "interest in maintaining the confidentiality of its financial information and the terms of its contractual relationship with its customer outweigh the public's interest in accessing the documents"); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that courts have protected "sources of business information that might harm a litigant's competitive standing").

## II. CALCULATION OF DAMAGES

After reviewing Plaintiff's motion for final default judgment and the unredacted agreements, I am unable to verify how Plaintiffs have determined their damages. This Court requires a more precise calculation from Plaintiffs because, of course, this Court has a duty to determine the proper amount of damages, if any are awarded. *Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 n. 5 (S.D. Ala. 2007) ("While well-pleaded facts in the Complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages."). Indeed, even on a motion for default judgment, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.3d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for the award).

Rather than recommending the outright denial of the motion for final default judgment, I will allow Plaintiffs to file, under seal, affidavit testimony supporting their damages calculation. In that filing, Plaintiffs shall set forth the total amounts due under each agreement and how Plaintiff calculated those amounts. Also, they shall set forth, for each count, the amounts that Defendant has paid to date, along with the amounts Defendant still owes, and set forth the interest on those amounts still owed along with how Plaintiffs calculated the interest amounts. After reviewing Plaintiffs' submission, I will determine whether an evidentiary hearing is necessary. *See* Fed. R. Civ. P. 55(b).

- 5 -

### III.  CONCLUSION

Thus it is ordered that:

(1) The agreements filed for *in camera* review at Doc. 19 shall remain under seal until further Order.

(2) On or before **October 28, 2015**, Plaintiffs shall file affidavit testimony supporting their damages calculation in a sealed envelope, clearly labeled with the style of the case, and identifying that the documents are being filed under seal pursuant to this Order of the Court.   That filing shall also remain under seal until further Order.

**DONE** and **ORDERED** in Ocala, Florida on October 7, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties