## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**PINNACLE TOWERS LLC and**
**CROWN CASTLE SOUTH, LLC,**

      **Plaintiffs,**

**v.**                                           **Case No: 5:15-cv-81-Oc-34PRL**

**AIRPOWERED, LLC**

      **Defendant.**

_____

## ORDER

Before the Court is Plaintiffs' motion for entry of default judgment as to Defendant airPowered, LLC.  (Doc. 14).  Although it appears that Plaintiffs may be entitled to default judgment, Plaintiffs have failed to provide a legitimate basis for the damages amounts they now seek.  Rather than deny the motion for default judgment, I will grant Plaintiffs a second and final opportunity to support the damages amounts sought.

### I. STANDARD

When faced with a motion for default judgment, a court has "an obligation to assure there is a legitimate basis for any damage award it enters."  *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).  Further, although "well-pleaded facts in the Complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages."  *Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 n. 5 (S.D. Ala. 2007).  Indeed, in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc.*, 317 F.3d at 1266; *see also Adolph Coors Co.*

*v. Movement Against Racism and the Klan*, 777 F.3d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for the award).   Further, where a party fails to provide a legitimate basis for their damages calculation, the court may recommend a denial of default judgment.   *Suntrust Bank v. Robida*, No. 6:09-CV-1404ORL28DAB, 2010 WL 1851900, at *1 (M.D. Fla. Apr. 15, 2010) *report and recommendation adopted*, No. 6:09-CV-1404ORL28DAB, 2010 WL 1851616 (M.D. Fla. May 6, 2010).

Notably, subsequent filings, in the motion for default judgment context, may not be used to amend a complaint.   *See Guarantee Co. N. Am. USA v. Gadcon, Inc.*, No. CIV.A 09-0813-WS-M, 2010 WL 2202805, at *5–6 (S.D. Ala. May 28, 2010) ("The law is quite clear that a plaintiff seeking a default judgment is confined to the specific factual allegations and demands delineated in the Complaint.").   In other words, facts not alleged in the complaint are not deemed admitted, and facts not deemed admitted are "not attributable to defendants in default."   *Guevara v. Shutter-Man Storm & Sec., Inc.*, No. 206CV511FTM29SPC, 2007 WL 678036, at *2 (M.D. Fla. Mar. 5, 2007).

Moreover, Federal Rule of Civil Procedure 54(c), prohibits courts from awarding damages that exceed those alleged in the pleadings.   Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").   To that end, under Rule 54(c), Courts routinely cap the amount awarded in default judgment to the amount plead. *See, e.g.*, *United States v. Alvarado*, No. 6:13-CV-452-ORL-31, 2013 WL 2371281, at *2 (M.D. Fla. May 30, 2013). *United States v. Mastrapa*, No. 6:13-CV-882-ORL-36, 2013 WL 5230671, at *2 (M.D. Fla. Sept. 16, 2013); *Stewart v. Sterling Tech. Solutions, LLC*, No. 6:10-CV-630-ORL-28, 2012 WL 2680798, at *5 (M.D. Fla. June 12, 2012) *report and recommendation adopted*, No.

6:10-CV-630-ORL-28, 2012 WL 2680548 (M.D. Fla. July 6, 2012); *Textron Fin. Corp. v. Longstreet*, No. 6:09-CV-1210ORL28DAB, 2010 WL 331901, at *3 (M.D. Fla. Jan. 28, 2010).

## II. DISCUSSION

Here, because Plaintiffs have asserted facts, in their motion for default judgment and their damages Affidavit,[1] that are inconsistent with and different from the facts alleged in their Complaint, Plaintiffs have not provided a legitimate basis for their damages. First, Plaintiffs, in their Affidavit and motion for default judgment, seek damages that exceed the amount alleged in their Complaint.[2] Second, in their Affidavit, Plaintiffs assert (in Counts I, II, III, and V) earlier dates of default than those alleged in the Complaint.[3] Calculating Plaintiffs' damages using earlier dates of default, meaning earlier than the dates plead, could increase the amount of

---

[1] On October 7, 2015, the Court ordered the Plaintiffs to file, under seal, support for their damage's calculations. (Doc. 21). In that same order, the Court allowed the Plaintiffs to file, also under seal, un-redacted versions of the contracts at issue. (Doc. 21). On October 29, 2015, Plaintiffs filed an Affidavit, which clarified their damage's calculation. (Doc. 24). The Court has now reviewed the Affidavit and the un-redacted contracts.

[2] In Plaintiffs' Second Amended Complaint (the "Complaint") (Doc. 8), they "request judgment against Defendant in the amount of at least $1,184,070.27, reasonable attorneys' fees, costs, and expenses, and other relief as the Court may deem just and proper." (Doc. 8, pp. 14, 15). Even assuming that this amount is correct, in the motion for default judgment (Doc. 14, p. 10) and subsequent Affidavit (Doc. 24, ¶ 69), Plaintiffs seek amounts that exceed the $1,184,070.27 sought in the Complaint. The additional amount they seek appear to be comprised of interest that they allege is contractually due in the event of Defendant's default. (Doc. 8, ¶¶ 16, 30, 43, 57, 70).

[3] In Counts I, II, III, and V of the Complaint, they allege that Defendant's last payments occurred on these respective dates: May 10, 2013; November 7, 2011; May 10, 2013; November 7, 2011. (Doc. 8, ¶¶ 19, 32, 45, 72). Yet, in their Affidavit, they claim the following earlier dates of default for Counts I, II, III, and V, respectively: April 1, 2013; September 1, 2011; April 1, 2011; September 1, 2011. (Doc. 24, ¶¶ 9, 22, 35, 60).

Plaintiffs have not affirmatively alerted the Court to these changes nor have they provided any legal support or justification that the Court should accept the earlier default dates over the latter. While it is true that "plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default," the facts upon which plaintiffs' claims rest *are* deemed admitted by the defendant. *Virgin Records America, Inc.*, 510 F. Supp. 2d at 593 n. 5 ("[W]ell-pleaded facts in the Complaint are deemed admitted . . . ."). Because the date of default is not an allegation relating to the amount of damages, but is, instead, an element of the cause of action for a breach of contract, it would seem that it is among the facts that are deemed admitted by the defendant. *See Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (listing among the elements for a breach of contract, breach of the contract at issue).

damages.[4]   Third, in their Affidavit, Plaintiffs claim that the agreement at issue in Count III was amended by the parties and that this purported amendment increased the payments under that agreement.[5]   Plaintiffs did not allege in the Complaint, however, that this agreement was amended, nor have they submitted proof of the purported amendment to the Court.[6]   By asserting these new facts, as outlined above, in their motion for default judgment and Affidavit, Plaintiffs are effectively (and impermissibly) attempting to amend their Complaint.   *See Pennsylvania Nat. Mut. Cas. Ins. Co. v. Edmonds*, No. CIV.A. 09-0089-WS-B, 2010 WL 761332, at *7 (S.D. Ala. Mar. 3, 2010) (noting that "[b]ecause amendment was never sought, the damages award in this case is necessarily constrained by the specific allegations of the Complaint").

Additionally, based on what is currently before the Court, Plaintiffs have failed to meet their burden in providing a legitimate basis for the interest they are allegedly due.   Under the terms of each licensing agreement, Plaintiffs allege they are due one and one-half percent interest per month on all delinquent amounts.   (Doc. 19, Ex. A at ¶ 13, B at ¶ 13, C at ¶ 13, D at ¶ 13, E at ¶ 13).   Plaintiffs have used a seven month period, from October 24, 2014 to May 27, 2015, as the

---

[4] The Court notes that the amounts sought in the Affidavit for Counts I and IV are either identical to, or less than, the amount alleged in the Complaint; thus, for these Counts, Rule 54(c) is not implicated. *See Textron Fin. Corp*, 2010 WL 331901, at *3.   But for Counts II, III, and V, it appears that Plaintiffs assert larger damages amounts in their Affidavit than their Complaint.

[5] In Count III of the Complaint, the Plaintiffs state that on August 4, 2008, Plaintiff Pinnacle and Defendant entered into an license agreement for Business Unit 870329 at Winter Garden, Florida (Doc. 8, ¶¶ 37–38).   In their Affidavit, however, Plaintiffs claim that the agreement was amended on June 17, 2009.   (Doc. 24, ¶ 31).

[6] The Court also notes the following discrepancies.   According to paragraph thirty-five of Plaintiffs' Affidavit, Defendant's last payment under the agreement in Count III occurred in 2011, but Exhibit F of the Affidavit represents that the last payment occurred in 2013.   The Court also questions Plaintiffs' payment calculations for Count IV as contained in Ex. F to Doc. 24.   In addition, in Plaintiffs' motion for default judgment and their Affidavit, they claim that the commencement date for the agreement under Count V was August 1, 2008.   (Docs. 14, 24).   However, after reviewing the contract, this agreement clearly had a commencement date of October 1, 2008.   (Doc. 19, Ex. E, ¶ 1).

accrual period for their interest calculation (Doc. 24).   It is not clear from the record, and Plaintiffs do not clarify, why this accrual period is appropriate.

### III. CONCLUSION

Thus, because the Court cannot determine whether there is a legitimate basis for the damages claimed, on or before **December 11, 2015**, Plaintiffs shall present clear and concise evidence of their claimed damages.   As noted above, this is Plaintiffs' second and final chance to provide the Court with a legitimate basis for their damages.

**DONE** and **ORDERED** in Ocala, Florida on November 20, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties